# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4730 | **DATE** | 11/03/2010 |
| **CASE TITLE** | Devaris M. Perry vs. Chicago Department of Police et al. | | |

**DOCKET ENTRY TEXT**

Final pretrial conference and motion hearing held. For the reasons stated on the record, the parties' motions *in limine* (108-109, and 111) are granted in part and denied in part as summarized below. The Court issued the following rulings on defendants' objections, as set forth on the amended exhibit list, to plaintiff's exhibits: (1) the objections to PX 1 and PX 4 are overruled, based on the limited use for which plaintiff intends to use the exhibits and subject to establishing a foundation for that use; (2) the objections to PX 7 and PX 8 are overruled; (3) the objection to PX 13 is sustained, without prejudice to plaintiff's right to use certain documents in that group exhibit to impeach or to refresh recollection; (4) the Court reserves for trial the ruling on defendants' objections to PX14, PX15, PX16, and PX17; (5) the objections to PX 18 are overruled; (6) the objection to PX 20 is sustained; (7) the objection to PX 25 is sustained; (8) the objections to PX 26 are sustained to the extent set forth in the Court's ruling on defendants' motion *in limine* no. 1, and is reserved for trial as to other materials within the group exhibit; (9) the objection to PX 28 is overruled; and (10) the Court reserves for trial the ruling on defendants' objections to PX 29. The Court issued the following rulings on plaintiff's objections, as set forth in the amended exhibit list, to defendant's exhibits: (1) the objection to DX 1 is sustained; (2) the Court reserves for trial the ruling on plaintiff's objection to DX24; (3) the objection to DX26 is sustained; and (4) the Court reserves ruling on the objections to DX27, pending the submission of briefing by the parties. By the close of business on 11/4/10 each of the parties shall submit a memorandum, not to exceed five pages, setting forth their respective positions. By 9:00 a.m. on 11/08/10, the parties shall file any revised/supplemental jury instructions. By agreement, the case will proceed before a jury of twelve persons, in Courtroom 1041, and the jurors will be permitted to ask questions using the procedure set forth on the record by the Court. For further details see minute order.

■[ For further details see text below.]     Notices mailed by Judicial staff.

02:00

## STATEMENT

**RULINGS ON MOTIONS *IN LIMINE*:**

**Plaintiff's motion *in limine* (doc. # 111) are granted in part and denied in part as follows:**

1. Motion *in limine* no. 1, to allow rebuttal that City will indemnify compensatory damages if defendant Keithly offers evidence of an inability to pay as a defense to the punitive damages, is granted. The Court will give a limiting instruction that defendant Keithly's financial assets are relevant only to punitive damages, and that the City indemnifies awards of compensatory damages and attorneys' fees but not punitive damages.

## STATEMENT

2. Motion *in limine* no. 2, to permit the Plaintiff to treat Defendant Keithly and all other officers as adverse witnesses, is granted as to defendant Keithly and withdrawn as to other police officers.

3. Motion *in limine* no. 3, to bar any argument or inference that defendants allegedly failed to call any witnesses, is granted as to the three specific witnesses identified in the motion (Brittney Norwood, Shawn Clark and Patrina Baker) and denied as to the other witnesses.

4. Motion *in limine* no. 4, to bar reference to plaintiff's criminal background, is granted in part and denied in part. Defendants may offer only evidence that plaintiff was convicted of a crime in 2004, served a sentence of 17 months incarceration, and was on parole for that offense at the time of the incident at issue in this trial.

5. Motion *in limine* no. 5, to bar reference to plaintiff being shot twice before this incident, is granted without objection.

6. Motion *in limine* no. 6, to bar reference to plaintiff being in custody on pending criminal charges, is granted without objection.

7. Motion *in limine* no. 7, to bar reference to plaintiff's gang membership, is granted without objection.

8. Motion *in limine* no. 8, to bar Illinois Police forensic scientists Gordon, Wong and Thibault from testifying about matters outside of their respective reports and beyond their expertise, is denied to the extent that plaintiff seeks to limit cross examination of those witnesses to the material contained within their respective reports. The Court's reserves for trial ruling on the motion that Gordon is not qualified to offer expert opinion testimony as to reasons that DNA evidence might or might not be present on a gun.

9. Motion *in limine* no. 9, to bar Chicago Police forensic investigator Fred Heidemann, from testifying about matters outside of his expertise and from testifying about speculative reasons why gunshot residue may not have been detected on the Plaintiff's hands, is reserved for trial.

10. Motion *in limine* no. 10, to bar any reference to the plaintiff having been evaluated by the criminal court trial judge for fitness to stand trial and for sanity, is granted without objection.

11. Motion *in limine* no. 11, to bar any reference to the plaintiff having no employment history or his failure to find a job, is granted without objection.

12. Motion *in limine* no. 12, to bar any reference to the plaintiff having been involved in a car accident after being released from Cook County Jail, is granted without objection.

13. Motion *in limine* no. 13, to bar any reference to the plaintiff having allegedly attempted suicide in Cook County Jail, is granted without objection.

14. Motion *in limine* no. 14, to bar any reference to the plaintiff having any non gang-related tattoos, is granted without objection.

| STATEMENT |
|---|

**Defendants' motions *in limine* (doc. # 108-09) are granted in part and denied in part as follows:**

1. Motion *in limine* no. 1, to bar opinions and recreation figures of plaintiff's expert Michael Knox, is denied as moot as plaintiff withdraws the opinion testimony and exhibits that are the subject of the motion. The following exhibits are withdrawn: PX 26-27, 29, 32-45. This ruling does not bar plaintiff from seeking to have Mr. Knox offer opinion testimony that plaintiff was more than 36 inches from defendant Keithly's gun at the time plaintiff was shot, or bar defendants from offering a *Daubert* challenge to that testimony.

2. Motion *in limine* no. 2, to bar Dr. Matthew McCormick from testifying about plaintiff's medical treatment or his medical condition when he was treated at Stroger Hospital and no. 3, to bar Dr. Matthew McCormick from mentioning plaintiff being diagnosed with cauda equina syndrome, are granted.

3. Motion *in limine* no. 4, to bar any questioning, testimony, argument, or reference to the not guilty verdict for plaintiff in the criminal trial, is granted in part. Defendants will not dispute that the criminal trial was terminated in a manner consistent with plaintiff's innocence, and will agree to remove that element from the jury instruction on malicious prosecution. Plaintiff will not argue that the verdict in the criminal trial establishes that the plaintiff was found "innocent" or that plaintiff could not have engaged in the conduct charged in the criminal case. However, plaintiff will not be barred from offering evidence and argument that the jury verdict in the criminal trial was that plaintiff was found not guilty.

4. Motion *in limine* no. 5, to bar any reference to fraternal order of police disclaimer given in response to the complaint register investigation, is granted without objection.

5. Motion *in limine* no. 6, to bar plaintiff from arguing that any forensic evidence or the length of time between the incident and the forensic testing demonstrates that plaintiff's fingerprints were not found on the firearm, is granted without objection.

6. Motion *in limine* no. 7, to bar plaintiff's treating physicians from giving testimony based upon any special expertise about issues related to causation and to limit these treaters to testifying only about their respective observations, care, and treatment of plaintiff, is reserved for trial.

7. Motion *in limine* no. 8, to bar any argument or inference that defendants allegedly failed to call witnesses, is granted without objection.

8. Motion *in limine* no. 9, to bar any reference to a "code of silence" or implication that Chicago police officers protect each other from allegations of wrongdoing, is granted in part and denied in part. Without objection, plaintiff will be barred from offering evidence or argument that Chicago police officers operate under code of silence generally. However, plaintiff will be permitted to offer evidence and argument that the specific officers involved in the incident at issue in this trial are protecting defendant Keithly.

9. Motion *in limine* no. 10, to bar any testimony or argument about Chicago Police Department general orders, is granted without objection.

10. Motion *in limine* no. 11, to bar any testimony, evidence, argument, or innuendo that any non-defendant police officers engaged in misconduct, is granted in part and denied in part. The motion is denied as to Officer Watts, and is granted as to other officers.

| STATEMENT |
|---|

11. Motion *in limine* no. 12, to bar mention or reference to the City of Chicago as a defendant in this case, is denied.

ALL COUNSEL ARE RESPONSIBLE FOR ADVISING THEIR WITNESSES OF THESE RULINGS, AND TO TAKE ALL REASONABLE STEPS TO ENSURE THAT THE WITNESSES DO NOT OFFER TESTIMONY OR COMMENT ON ANY MATTERS BARRED BY THESE RULINGS.

IN THE EVENT ONE SIDE CONTENDS THAT THE OTHER SIDE HAS OPENED THE DOOR TO INQUIRY INTO MATTERS BARRED BY THIS ORDER, THE SIDE MAKING THAT CONTENTION SHALL SEEK A SIDEBAR AND OBTAIN ADVANCE APPROVAL OF THE COURT BEFORE ASKING ANY QUESTIONS OR MAKING ANY ARGUMENT ON MATTERS BARRED BY THESE RULINGS.

| | Courtroom Deputy Initials: | JJ |
|---|---|---|