IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVARIS PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 4730 |
| | ) | |
| v. | ) | Magistrate Judge Schenkier |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | |
| corporation, BARTELL KEITHLEY, | ) | |
| Star #12123, a Chicago Police Officer, | ) | |
| in his individual capacity, STEPHEN | ) | |
| WATTS, Star #6301, a Chicago Police | ) | |
| Officer, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 15, 2010, after a five-day trial, the jury found for defendants (collectively, "the City") and against plaintiff, Devaris Perry, on his claims of excessive force and malicious prosecution (doc. # 139). This Court entered judgment in favor of the City (doc. # 138). On December 13, 2010, the City submitted a bill of costs (doc. # 141) seeking $17,608.40. Mr. Perry objects to the City's bill of costs (doc. # 154), contending that certain costs are not recoverable. In reply, the City has removed certain challenged costs and reduced its request to $17,406.00 (doc. # 156). For the reasons set forth below, we grant in part and deny in part the City's revised request, and award $11,302.25 in costs to the City.

### I.

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." This directive creates a presumption in favor of awarding costs to the prevailing

party that is "difficult to overcome." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of a penalty, or (2) the losing party's inability to pay. *Id.*

Mr. Perry does not assert either reason as a basis for denying costs. Thus, we turn to the question of what costs are recoverable.

## II.

The Court may only award costs that "fall into one of the categories of costs statutorily authorized for reimbursement." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Under 28 U.S.C. § 1920, a court may tax the following expenses as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretative services under 28 U.S.C. § 1828. The award of costs to a prevailing party depends on whether the expenses sought are "reasonable in amount and necessity." *McCabe v. City of Chicago*, 593 F. Supp. 665, 669 (N.D. Ill. 1984). Costs incurred merely for the convenience of counsel may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

Applying these standards, we address the following items of costs challenged by Mr. Perry: (A) copying costs, (B) summons and subpoena fees, (C) deposition fees, (D) transcript reporting costs, (E) record copy service fees, (F) delivery charges, and (G) "other costs." Mr. Perry does not object to $220.00 in witness fees, so we grant those costs (*See* Bill of Costs, Ex. 1 at 27).

## A.

Mr. Perry objects to the City's entire request for copying costs (Pl.'s Resp. at 1), totaling $58.05 (Bill of Costs, Ex. 1 at 20). Mr. Perry argues that the City is not entitled to reimbursement for one paper copy of every document filed in the case, at a rate of 15 cents per page, because the electronic filing system delivered those documents to opposing counsel via e-mail (*Id.* at 1-2). In reply, the City reduced its request from $58.05 to $16.20, a figure reflecting costs for courtesy copies submitted to the Court under Local Rule 5.2[1] and two protective orders which the defendants attached to subpoenas in order to "facilitate the release of information" (Defs.' Reply at 3).[2]

A prevailing party may only recover costs for copies that were "necessary for use in the case." 28 U.S.C. § 1920(4). The phrase "for use in the case" refers to "'materials actually prepared for use in presenting evidence to the court . . . .'" *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (citation omitted). These materials include "copies attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court," not "copies made solely for the convenience of counsel." *Roney v. Illinois Dept. of Transp.*, 2007 WL 1100751, at *1 (N.D. Ill. Apr. 12, 2007) (citations omitted). Generally, recovery is limited to three sets of copies per document. *Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, 2003 WL 21788989, at *4 (N.D. Ill. July 31, 2003). To recover copying costs, a party must provide enough information for the court to

---

[1] Rule 5.2(f) provides, in relevant part, that each person or party filing a paper version of a "pleading, motion, or document, other than an appearance form, motion to appear *pro hac vice*, or return of service" shall file an additional copy for use by the Court. N. D. Ill. local R. 5.2(f). If these documents are filed electronically, "a paper copy shall be provided for the judge within one business day, unless the judge determines that a paper copy is not required." *Id.*

[2] Agreed Qualified HIPAA Protective Order (doc. # 63) and Agreed Qualified Confidential Matter Protective Order (doc. # 76).

determine that the costs are authorized by Section 1920(4). *Telular Corp. v. Mentor Graphics Corp.*, 2006 WL 1722375, at *4 (N.D. Ill. July 30, 1996).

The City's revised request for copying costs is both reasonable and recoverable. The City requests costs for only one copy of each document, and provides a detailed itemization of copying charges, including a description of each document copied, the document's date, the number of pages in the document, the number of copies made, the price per page, and the total charge. Further, the City's per page copying rate of 15 cents is reasonable. *See, e.g., Merryman Excavation, Inc. v. International Union of Operating Engineers*, 2010 WL 187241, at *2 (N.D. Ill. Jan. 14, 2010) (15 cents per page copying rate is reasonable); *Askew v. City of Chicago*, 2006 WL 1005167, at *3 (N.D. Ill. April 12, 2006) (same). We reject Mr. Perry's notion that the use of the electronic filing system eliminates a prevailing party's ability to recover reasonable copying expenses. *See Draper v. Martin*, 2010 WL 4687950, at *2 (C.D. Ill. Oct. 20, 2010.) ("the electronic filing system did not obviate the [d]efendants' need to produce paper copies," especially where the local rules required that defendants submit paper courtesy copies of certain documents). Because the City's copies were prepared for use in the case, we grant the City's request for $16.20 in copying costs.

## B.

Mr. Perry objects to the City's entire $2,703.50 request for "Subpoena Service Fees" (Pl.'s Resp. at 2). Mr. Perry argues that these costs should be denied because the City has "fail[ed] to explain why each charge is reasonable" (*Id.*). In reply, the City contends that it does not have the burden to establish that the subpoenas were reasonable; rather, the burden rests on Mr. Perry to prove the subpoenas were unreasonable (Defs.' Reply at 5). The City further agues that, in any event, all subpoenas were reasonable and necessary for the City's defense at the time issued, as "[e]ach

individual person or institution [subpoenaed] was identified by the Plaintiff in either his [Rule] 26(a)(1) disclosures, answer to interrogatories or . . . his deposition" (*Id.*).

Fees for service of process are recoverable under 28 U.S.C. § 1920(1), but may not exceed the U.S. Marshals rate at the time process was served. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). As of 2008, the U.S. Marshals Service charge is $55.00 per hour, plus 0.365 per mile.[3] To award costs for the service of subpoenas, the court need only determine that the subpoenas were reasonably necessary "in light of facts known at the time of service." *Movitz v. First Nat. Bank of Chicago*, 982 F.Supp. 571, 574 (N.D. Ill. 1997). Thus, in order to show that the City's subpoenas were unnecessary or unreasonable, Mr. Perry "must offer some evidence to show that it was unreasonable for [the City] to believe that the documents or the testimony were necessary at the time [they were] sought." *Doing Steel v. Casle Const. Corp.*, 2005 WL 563098, at *2 (N.D. Ill. March 3, 2005) (quoting *Movitz*, 982 F.Supp. at 574).

Mr. Perry has not established that it was unreasonable for the City to serve any of the subpoenas listed in its bill of costs. Mr. Perry admits that the subpoenas served on Dr. Steven Parks, Cermak Health Services, and Stoger and Northwestern hospitals "were relevant to this litigation" (Pl.'s Resp. at 2). Further, the City states that Mr. Perry himself also requested defendant Keithley's medical records from Occupational Hand Therapy at Northwestern Hospital and Chicago Center of Surgery for the Hand (Defs.' Reply at 5). Mr. Perry provides no sound basis for an outright denial of subpoena service fees. *See O'Neal v. Altheimer & Gray*, 2002 WL 31109393, at *3 (N.D. Ill. September 18, 2002) (awarding service fees to the defendant because the plaintiff "[did] not

---

[3] Effective on December 9, 2008, the Marshals Service Fee was increased by $10.00 per hour from the existing $45.00 per hour fee for serving process, as revised in 2000. Revision to United States Marshals Service Fee for Services, 73 Fed. Reg. 69,552, 69,554 (November 19, 2008) (to be codified at 28 C.F.R. pt. 0).

articulate why the service fees were unnecessary or unreasonable"). Therefore, we find that the City is entitled to recover some costs.

However, the City has failed to provide enough information for the Court to determine whether all of its requested subpoena service fees are reasonable. While the City concedes that it is not entitled to a $160.00 "check writing fee" listed in its bill of costs (Pl.'s Reply at 6; Bill of Costs, Ex. 1 at 22), the City's submission remains defective because it does not indicate how long service took, the mileage associated with service, or why "rush" service was necessary in nearly every instance. Consequently, the Court awards the U.S. Marshals' minimum charge for each subpoena served, which is $55.00. *See Johnson v. City of Elgin*, 2002 WL 171971, at *5 (N.D. Ill. Feb. 1, 2002) (awarding the minimum charge of one hour of Marshal's service where the prevailing party "[did] not state where service was accomplished, how long it took, or why 'rush' service was necessary"). We therefore grant $990.00 in costs for the subpoenas ($55.00 for each of the City's 18 subpoenas). We also grant a statutory witness attendance fee of $40.00 for deponent Patrina Baker, which the City has incorporated into its request.[4] *See* 28 U.S.C. § 1920(3); 28 U.S.C. § 1821(b). In total, we award $1,030.00 in "subpoena service fees," and deny $1,673.50 in fees (the remainder of the City's original request).[5]

## C.

The City requests $6,298.15 in costs associated with the transcription of depositions (Bill of Costs, Ex. 1 at 23). Under 28 U.S.C. § 1920(2), federal courts have authority to tax fees and

---

[4] The Court rejects the City's request for witness fees for Ms. Norwood, who never attended her deposition.

[5] The City also requests "witness fees" of either $40.00 or $45.00 for each subpoena duces tecum (Bill of Costs Ex. 1 at 22; Ex. 2 at 1). However, nothing in 28 U.S.C. § 1920(3) or 28 U.S.C. § 1821(b) suggests that a witness fee is recoverable for subpoenaed documents. Rather, the witness fee described in Section 1821(b) pertains to the attendance of a live witness at trial or a deposition. Therefore, only Ms. Baker's witness fee is recoverable.

disbursements for deposition transcripts that were "necessarily obtained for use in the case." Recovery, however, is limited by Local Rule 54.1(b) to the copy rate established by the Judicial Conference of the United States at the time the deposition was taken. *See* N.D. Ill. L.R. 54.1(b). As of 2008, the per page rate for original copies of ordinary transcripts is $3.65, with a $0.90 per page rate for copies to each party. N.D. Ill. General Order 07-0024, September 18, 2007.

Transcripts need not be "absolutely indispensable" in order to justify an award of costs; a prevailing party need only demonstrate that the transcripts are "reasonably necessary." *Barber*, 7 F.3d at 645. Necessity is "determined in light of the facts known at the time of the deposition without regard to intervening developments that render the deposition unneeded for further use." *Id.*; *Mother and Father v. Cassiday*, 338 F.3d 704, 712 (7th Cir. 2003). Mr. Perry objects to $526.75 in costs for the depositions of his ex-girlfriend, Britney Norwood, and his mother, Patrina Baker (Pl.'s Resp. at 3). We address each objection in turn.

*First*, Mr. Perry argues that Ms. Baker's deposition was unnecessary because he had informed defense counsel that Ms. Baker would not be called as a witness at trial (*Id.*). In reply, the City contends that Ms. Baker's deposition was necessary because "she may have had information that was impeaching or adverse to [Mr. Perry]," given that Mr. Perry's deposition disclosed that Ms. Baker had visited him at Stroger Hospital and at Cook County jail (Defs.' Reply at 6). We agree with the City that costs associated with the September 23, 2010 deposition of Ms. Baker are recoverable. Based on the relevant portions of Mr. Perry's deposition (*see* Defs.' Reply, Ex. 2), we find that it was reasonable for the City to depose Ms. Baker in the hope of obtaining information which could be used to impeach Mr. Perry. Therefore, we grant the requested $388.50 in costs associated with the deposition of Ms. Baker.

*Second*, Mr. Perry argues that costs for two of Ms. Norwood's scheduled depositions, which she did not attend, are not recoverable because Ms. Norwood was never served with a subpoena (Pl.'s Resp. at 3). In reply, the City states that Mr. Perry's counsel had represented that he would produce Ms. Norwood for her deposition on September 20, 2010, but, after Ms. Norwood failed to appear, the City issued a subpoena on October 2, 2010, to compel her attendance at the deposition, which had been rescheduled for October 7, 2010 (*Id.*; Bill of Costs, Ex. 2 at 7).

Costs for the two scheduled depositions of Ms. Norwood are recoverable. The City has provided proof that Ms. Norwood was in fact served with a subpoena after she initially failed to appear (Bill of Costs, Ex. 2 at 7). We also find the City's description of the circumstances surrounding Ms. Norwood's absence at both depositions to be credible. Accordingly, we grant $138.25 in costs for her two scheduled depositions. *See Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) ("no-show deposition costs are incidental expenses that fall within [Section] 1920").

Since Mr. Perry does not object to any other depositions, and the City requests the Judicial Conference rate established for original copies of ordinary transcripts, we award the City the cost of the transcripts themselves. However, for some depositions, the City incorporates a flat $60.00 court reporter attendance fee (*See* Bill of Costs, Ex. 1 at 23). The Seventh Circuit has upheld the discretion of judges to award court reporter attendance fees as taxable costs, *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). However, attendance fees "may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed [the Judicial Conference rate]." *Fletcher v. Chicago Rail Link*, LLC, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007). Since the City requests the Judicial Conference rate for its transcripts, the City is not entitled to recover any court reporter attendance fees.

Therefore, we deny the $720.00 in court reporter attendance fees within the City's request and grant $5,578.15 in deposition costs, rather than the $6,298.15 the City has requested.

**D.**

Mr. Perry objects to $201.00 of the $1,875.00 sought by the City for "Criminal Court Transcript Reporting Costs" (Pl.'s Resp. at 3). Mr. Perry argues that two entries for this item, totaling $135.00, are related to proceedings involving "Carl Johnson" and not Mr. Perry (*Id.*). Mr. Perry also argues that $66.00 attributed to court reporter "Margaret Brosnahan" should be stricken because Ms. Brosnahan is not a court reporter, but a judge (*Id.*). In reply, the City states that the reference to Judge Brosnahan was error; Mr. Perry appeared before Judge Brosnahan, and the court reporter should have been listed as "Renee M. Mason" (Defs.' Reply at 7). The City also argues that transcripts of the criminal case against Mr. Johnson were reasonably necessary because Mr. Johnson had an open complaint register filed against defendant Keithley, and defendants had to be prepared "in the event Plaintiff attempted to call Mr. Johnson as a [Rule] 404(b) witness" (*Id.*).

Since the City has cured its error with respect to the name of the court reporter, we find no reason to deny the associated $66.00 in transcript fees for Mr. Perry's criminal trial. Further, we cannot say that it was not reasonably necessary for the City to obtain information that might allow the City to impeach Mr. Johnson or might dissuade the plaintiff from using Mr. Johnson's encounter with defendant Keithley as evidence. We therefore grant the City's total request for $1,875.00 in criminal court transcript reporting costs.

**E.**

Mr. Perry raises two objections to the City's request for medical "Record Copy Service Fees" (Pl.'s Resp. at 3-4), which amount to $687.90.[6] *First*, Mr. Perry contends that a $299.00 charge for copies of Mr. Perry's medical records from Christ Hospital was unnecessary, given that "defendants agreed with Plaintiff's motion *in limine* that the Christ Hospital Records were not relevant to the Plaintiff's case" (*Id.*). *Second*, Mr. Perry argues that the City has failed to show that a $231.00 charge for copying his medical records at Riveredge Hospital was necessary (*Id.* at 4). In reply, the City argues that both documents were reasonably necessary at the time they were requested; Mr. Perry's records at Christ Hospital were relevant to the issue of damages from Mr. Perry's gunshot wounds, while Mr. Perry had indicated in his deposition that he had been treated for mental health issues at Riveredge Hospital (Defs.' Reply at 8).

A prevailing party may recover costs for copies that were "necessary for use in the case." 28 U.S.C. § 1920(4). In proving that copies were necessarily obtained for use in the case, the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," but must "provide the best breakdown obtainable from retained records." *Northbrook Express & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 (7th Cir. 1991).

We find that the medical records sought by the City were reasonably necessary at the time they were requested. The fact that the City later agreed to exclude some records from the trial is not determinative of whether the City had reason to believe the records might be relevant at the time.

---

[6] In his response, Mr. Perry points out that the total cost of $348.85 contained in the City's bill of costs (*see* Bill of Costs, Ex. 1 at 25) is not the sum total of all the items listed under "Record Copy Service Fees"(Pl.'s Resp. at 3-4). In reply, the City acknowledges the error and states that the correct total is $687.90 (Defs.' Reply at 8).

Further, the City provides detailed invoices from the medical service providers, and we conclude that the expenses were reasonable. *See Tumas v. Board of Educ. of Lyons Tp. High School*, 2008 WL 611601, at *2 (N.D. Ill. February 9, 2008) (awarding expenses for photocopying medical records where prevailing party tendered invoices from the medical service provider). Therefore, we grant the City's request for $687.90 in medical record copy service fees.

### F.

Mr. Perry objects to $80.00 in delivery charges, arguing that the City has failed to show why they were necessary (Pl.'s Resp. at 4). In reply, the City states that its delivery costs should be allowed because "the use of a delivery service for documentation and correspondence is a common practice in the legal profession" (Pl.'s Reply at 8). That may be so, but "postage costs generally are considered ordinary business expenses that are not compensated under [Section] 1920," *National Production Workers Union. Ins. Trust v. Life Ins. Co. of North America*, 2010 WL 2900325, at *4 (N.D. Ill. July 21, 2010) (collecting cases), and this principle has been extended to include delivery charges. *See id.* (denying delivery costs for courtesy copies); *McDonald v. Village of Winnetka*, 2003 WL 1989656, at *1 (N.D. Ill. Apr. 30, 2003) (denying delivery costs for transcripts."); *Stark v. PPM America, Inc.*, 2003 WL 21223268, at *8 (N.D. Ill. May 23, 2003) (denying delivery service fees because they were not provided for in Section 1920). While a court has discretion to award incidental costs, *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), the City has provided no principled reason for a delivery fee award in this case. *See National Production*, 2010 WL 2900325 at *4 ("[e]xcept in extremely rare circumstances, delivery . . . by the most economical method (U.S. mail) is sufficient for all purposes"). Therefore, we deny $80.00 in delivery charges.

## G.

Mr. Perry raises two objections to the City's request for certain enlargement and deposition fees listed as "Other Costs" (Pl.'s Resp. at 4), totaling $6,025.25 (Bill of Costs, Ex. 1 at 27).

### 1.

Mr. Perry argues that costs for in-house enlargements of certain testimony used by defense counsel during closing arguments should be denied because "[n]o reasonable person would pay $50[.00] to $80[.00] per enlargement in the open market for blown-up words or phrases" (Pl.'s Resp. at 4). In reply, the City argues that costs for its in-house enlargements are recoverable, and provides a price list from outside vendor, TrialGraphix, which demonstrates that the City's in-house enlargement services were less costly than those on the open market (Defs.' Reply at 9; Ex 3).

As with photocopies, costs for exemplification will be awarded if the court determines that the particular exemplifications were "necessarily obtained for use in the case." *Cefalu*, 211 F.3d at 428 (quoting 28 U.S.C. § 1920(4)). In making this determination, the Court must consider whether an item qualifies as an exemplification. *Id.* Seventh Circuit decisions have expanded the definition of what qualifies as an exemplification to include a "wide variety of exhibits and demonstrative aids," however, the "cost of conducting the research and analysis eventually reflected in the exhibit" cannot be recovered. *Id.* at 427-428; *Telular*, 2006 WL 172231 at *5. In determining whether an exemplification expense was reasonably necessary, the court may consider whether the exemplification was "vital to the presentation" or "merely a convenience or, worse, an extravagance." *Cefalu*, 211 F.3d at 428-429.

In our judgment, the in-house enlargements created by the City were reasonably necessary for presenting evidence to the court, and not an extravagance. Many of them were used extensively

during closing arguments. Further, as the City observes, Mr. Perry provides no factual basis to support his claim that "no reasonable person" would purchase such enlargements on the open market (*See* Defs.' Reply at 9). Nor are we prepared to accept Mr. Perry's suggestion that parties cannot recover costs for enlargements because there are less expensive means for presenting evidence, such as overhead projection (Pl.'s Resp. at 4). The City has demonstrated that its in-house enlargements were at least 20 percent less expensive than those available from TrialGraphix on the open market. Consequently, we award the $1,810.00 in requested costs for in-house enlargements.

## 2.

Mr. Perry also argues that fees for Michael Knox and Dr. Nathan Mollberg should be denied because expert witness fees are not recoverable in a Section 1983 action (Pl.'s Resp. at 4). In reply, the City withdraws the requested $500.00 for Dr. Mollberg's deposition (Defs.' Reply at 9-10). However, with respect to expert witness fees for the deposition of Mr. Perry's expert, Mr. Knox, the City argues that it is entitled to recover the full amount of $3,670.25 (*Id.* at 10).

Fees for retained expert witnesses are recoverable as part of an attorneys' fee petition, not a bill of costs. While payment of witness fees may be recovered as costs under 28 U.S.C. § 1920(3), the recoverable amount is limited to $40.00 per day, 28 U.S.C. § 1821(b), and this limit may only be varied by "contract or explicit language to the contrary." *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 439 (1987); *T.D. v. LaGrange School Dist. No. 102*, 2003 WL 22682466, at *10 (7th Cir. Nov. 14, 2003). Since there is no contract here, we must look to 42 U.S.C. § 1988 – the relevant fee-shifting provision. Section 1988 provides that in Section 1983 actions the court may, in its discretion, allow the prevailing party to recover a reasonable attorneys' fee, which includes "expert fees." 42 U.S.C. § 1988(b)-(c). However, while attorneys' fees are regularly awarded to prevailing

plaintiffs in Section 1983 actions, a prevailing defendant will not be awarded attorneys' fees unless the court finds that the plaintiff's claims were frivolous or unreasonable, or that the plaintiff continued to litigate after their claims became so. *Mustafa v. City of Chicago*, 442 F.3d 544, 549-50 (7th Cir. 2006) (holding that defendant officers were not entitled to attorneys' fees on appeal under Section 1988 because the appeal taken by plaintiff was not "objectively frivolous or vexatious").

Defendants may not recover the expert witness fees associated with Mr. Knox's deposition. The case defendants rely upon – *Warfield v. City of Chicago*, 2010 WL 3303373, (N.D. Ill. August 17, 2010) – involved an expert witness fee awarded to a prevailing plaintiff, not a prevailing defendant. *See* 2010 WL 3303373, at *3. To recover expert witness fees for Mr. Knox's deposition (beyond the $40.00 statutory award for any witness), defendants would need to demonstrate that Mr. Perry's action against them was frivolous or unreasonable. *See Mustafa*, 442 F.3d at 549-50. Defendants have not argued, nor do we find, that this is the case. Therefore, we grant a $40.00 witness fee for Mr. Knox's attendance at the deposition, and deny the remaining $3,630.25 in expert witness fees requested by the defendants.[7] In addition, since Mr. Perry does not object to the City's request for $45.00 in costs for nine binders, we grant those costs.

In total, we award $1,895.00 in "Other Costs" (which includes $1,810.00 in costs for enlargements, $45.00 for binders, and $40.00 for Mr. Knox's attendance at the deposition).

---

[7] Mr. Perry also contends that, even if expert fees were recoverable, it was not reasonably necessary for the City to depose Mr. Knox for seven hours (Pl.'s Resp. at 5). While we need not reach Mr. Perry's argument on this point, we note that a seven-hour deposition does not offend Federal Rule of Civil Procedure 30(d)(1), which provides that "a deposition is limited to 1 day of 7 hours."

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part the City's bill of costs (doc. # 141), as revised in their reply brief (doc. # 156), and award the City costs in the amount of $14,757.50 (as reflected in the chart below).

| Requested Item | City's Revised Bill of Costs | Costs Awarded |
|---|---|---|
| Fees for Copies of Papers | $16.20 | $16.20 |
| Witness Fees | $220.00 | $220.00 |
| Subpoena Service Fees | $2,703.50 | $1,030.00 |
| Deposition Costs | $6,298.15 | $5,578.15 |
| Criminal Court Transcript | $1,875.00 | $1,875.00 |
| Record Copy Service Fees | $687.90 | $687.90 |
| Delivery Charges | $80.00 | $0.00 |
| Other Costs | $5,525.25 | $1,895.00 |
| TOTAL | $17,406.00 | $11,302.25 |

**ENTER:**

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**DATED: February 15, 2011**

15